IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA. | § § § § |
| v. | § § |
| EDWARD DEHOYOS | §  Crim. Action No.  5:14-CR-0429-XR § |
| *Defendant*. | § § § |

**ORDER**

On this date, the Court considered Defendant's motion to suppress (docket no. 33).

**BACKGROUND**

A "couple of months" before May 13, 2014, SAPD Detective Danny Martinez received information from a confidential informant (CI) that Edward DeHoyos was selling narcotics from a business known as MM Gold. Det. Martinez secured photos of Mr. DeHoyos and confirmed with the CI the identity of the Defendant. On May 13, 2014, the CI called Det. Martinez and informed him that DeHoyos was dealing drugs at the location. Det. Martinez arrived to the parking lot of the "strip center" and observed the location. Det. Martinez saw brief "hand to hand transactions" take place between individuals entering the business and the Defendant. Other police officers were positioned nearby. As individuals entered and exited the premises and exited the strip center, patrol cars stopped them for traffic violations. Two vehicles were stopped in this fashion and drugs were seized and arrests made. An attempt was made to stop a third vehicle, but the vehicle fled and a high speed pursuit was not done. Det. Martinez testified that because the third vehicle fled the scene, a decision was made to enter the premises and secure the location because there was a fear that the driver or occupants of the fleeing vehicle would tip off

1

DeHoyos and evidence would be destroyed. While officers entered the business, Det. Martinez left the scene and sought a search warrant.

While the location was being secured and as the officers conducted a protective sweep, four clear plastic baggies containing methamphetamine were found in plain view.

Det. Martinez drafted and swore to an affidavit in support of a search warrant. A City Magistrate Judge signed and issued the search warrant on May 13, 2014 at 10:46 p.m.

Once Det. Martinez returned to the location with the warrant, the warrant and *Miranda* warnings were read to the Defendant, Ms. Rodriguez and Andres Moreno. The Defendant then advised Det. Martinez and Sgt. Garcia that he did not want Ms. Rodriguez or Mr. Moreno to go to jail, that all the drugs were his, that he had more drugs inside his parked vehicle, and that he wanted to cooperate in providing information for leniency. After a search was completed pursuant to the search warrant, a weight scale, additional amounts of methamphetamine, paper ledgers, and $3,318 were seized.

On June 4, 2014, the grand jury returned an indictment alleging that on or about May 14, 2014, the Defendant knowingly possessed with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B).

On December 3, 2015, the Defendant filed a motion to suppress (docket no. 33). He argues the police wrongfully seized the building[1] and his person without a warrant in violation of

---

[1] The Defendant was not the owner of the business, nor apparently an employee of the business. The Defendant argues that he nevertheless has standing because he was provided a key to the premises. The Government has not raised the issue of standing. Accordingly, the Court will make no findings as to whether standing is present here. The facts of this case do pose an interesting question. The law enforcement officers in this case entered a

his Fourth Amendment rights. He further argues that any exigency in this case was created by the police stopping and searching the persons who left the premises.

## ANALYSIS

As noted by the Fifth Circuit in *United States v. Gayden*, No. 14-51330, 2015 WL 7292867, at *1 (5th Cir. Nov. 18, 2015), a warrantless intrusion into an individual's home or business "is permissible if 'probable cause and exigent circumstances justify the search,' *United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008) (*quoting United States v. Gomez–Moreno*, 479 F.3d 350, 354 (5th Cir. 2007)), and the officers did not create the exigency. *United States v. Hearn*, 563 F.3d 95, 106 (5th Cir. 2009)."

"Relevant factors include, but are not limited to, the degree of urgency, the amount of time necessary to obtain a warrant, whether there is a reasonable belief that contraband will be moved, potential danger to police officers, whether suspects are aware that an arrest or search may be imminent, whether the contraband can be readily destroyed, and 'the knowledge that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in the narcotics traffic.' *United States v. Menchaca–Castruita*, 587 F.3d 283, 289–90 (5th Cir. 2009)." *Gayden*, 2015 WL 7292867, at *1.

---

commercial business establishment, a sign in the entry stated the premises was open, they entered the premises through an open door, and they conducted no search and seized only contraband in open view. Defendants generally have no expectation of privacy when a law enforcement officer enters an open, commercial establishment. *See U.S. v. Long*, 797 F. 3d 558 (8th Cir. 2015)("Even so, '[a]n expectation of privacy in commercial premises ... is different from, and indeed less than, a similar expectation in an individual's home,' *Burger*, 482 U.S. at 700, 107 S. Ct. 2636, and a business owner or operator does not have a reasonable expectation of privacy in the portions of a business open to the public, at least during normal business hours."); U.S. v. Swart, 679 F.2d 698 (7th Cir. 1982)(" The Government is correct in asserting that the officers could enter the premises based on a general invitation to the public to enter."). However, the Fifth Circuit in *Club Retro, L.L.C. v. Hilton*, 568 F. 3d 181 (5th Cir. 2009) implies that although police officers may freely enter an open, commercial establishment, they may not exceed the scope of the public invitation. In this case some of the officers entered the building with weapons drawn and conducted a protective sweep.

Probable cause existed in this case for officers to enter the premises. Det. Martinez witnessed hand to hand drug transactions, and the vehicles that were stopped possessed narcotics after leaving the premises.

Exigent circumstances existed in this case to enter the premises because when the third car fled after being stopped, it was reasonable for law enforcement officers to assume that the driver or any occupants would attempt to warn DeHoyos that police officers were suspicious, and that evidence would be destroyed.

Any argument that the officers' actions in stopping and searching the individuals exiting the premises created any exigent circumstances is foreclosed by the Supreme Court's decision in *Kentucky v. King*, 563 U.S. 452 (2011). *United States v. Albarado,* 555 F. App'x 353, 357 (5th Cir. 2014), *cert. denied sub nom. Cisneros v. United States,* 135 S. Ct. 1870, 191 L. Ed. 2d 742 (2015) ("Supreme Court held that a warrantless entry to prevent the destruction of evidence is permissible as an exigent circumstance as long as the officers acted reasonably and did not create the exigency through any actual or threatened Fourth Amendment violations.").

The protective sweep doctrine allows government agents, without a warrant, to conduct a quick and limited search of premises for the safety of the agents and others present at the scene. *Albarado*, 555 F. App'x at 357. Otherwise, any drugs found and seized prior to the warrant being obtained were in plain view.

## Conclusion

Defendant's motion to suppress (docket no. 33) is denied.

SIGNED this 17th day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE